IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARRIET NICHOLSON, § | |
|     PLAINTIFF, § | |
| § | |
| v. § | CASE NO. 3:21-CV-1779-N-BK |
| § | |
| BANK OF AMERICA AND § | |
| COUNTRYWIDE HOME § | |
| LOANS, INC., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this cause is now before the Court for consideration of Defendants' *Motion to Dismiss Plaintiff's Amended Complaint*. Doc. 17. For the reasons that follow, the motion should be **GRANTED**.

**I. PROCEDURAL HISTORY**

In July 2021, Plaintiff filed this *pro se* civil action seeking declaratory relief in connection with the foreclosure on her home (the "Property"). Doc. 3. In the operative amended complaint, Plaintiff acknowledges that she has filed a number of state court suits with respect to the Property. Doc. 15 at 3, 8. In October 2018, one such case ended with summary judgment in Defendants' favor. Doc. 15 at 9; Doc. 15 at 113, 115. At Defendants' request, the trial court then severed their case from that of the remaining defendants. Doc. 15 at 117; Doc. 18 at 3. Plaintiff appealed both the summary judgment and the severance order (the "Orders"), which she now claims were "interlocutory" in nature. Doc. 15 at 10. In December 2019, the state appellate court determined that it had jurisdiction over the appeal and upheld the Orders. Doc. 15 at 133; *Nicholson v. Bank of Am., N.A.*, No. 02-19-00085-CV, 2019 WL 7407739, at *1-2 (Tex. App.—

Fort Worth, Dec. 31, 2019). Subsequently, the appellate court rejected Plaintiff's requests for rehearing and reconsideration, and the Texas Supreme Court denied her petition for review. Doc. 12-3; Doc. 12-4; Doc. 12-5; Doc. 12-6; Doc. 12-7. The trial court did not enter final judgment in favor of the remaining parties until February 2020, however. Doc. 15 at 135.

Plaintiff now seeks a declaratory judgment that the intermediate state appellate court's ruling is void because the court lacked jurisdiction to hear the case. Doc. 15 at 10-11, 13-19. Defendants have moved to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that this Court does not have jurisdiction to rule on the case because it constitutes a collateral attack on a state court order. Doc. 18 at 5-6

## II. APPLICABLE LAW

### A. Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are of limited jurisdiction, without which they lack the power to adjudicate claims. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (internal quotation marks and citation omitted). Courts may dismiss a case for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Clark v. Tarrant Cty., Tex.*, 798 F.2d 736, 741 (5th Cir. 1986).

### B. *Rooker-Feldman* Doctrine

The Court of Appeals for the Fifth Circuit has succinctly stated:

> The Supreme Court has definitively established, in what has become known as the *Rooker-Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs[,] the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)) (cleaned up). The *Rooker-Feldman* doctrine is comprised of four elements: (1) a state court loser, (2) alleging harm caused by a state court judgment, (3) that was rendered before the federal district court proceedings began, and (4) the federal suit requests review and reversal of the state court judgment. *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citation omitted). The doctrine applies only to "final judgment[s] rendered by a state's court of last resort." *Id.* (quoting *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)).

The doctrine does not always prohibit a plaintiff from presenting an independent claim, however. *Id.* at 385 (citation omitted). For example, "*Rooker-Feldman* does not preclude review of void state court judgments." *Id.* (citations omitted); *see Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415 (1923) (finding no federal jurisdiction to review a state court judgment where the court had subject matter jurisdiction over the underlying case, but noting that if the decision was wrong, that did not render the judgment void, but merely left it open to challenge in state appellate court).

### III. ANALYSIS

As Defendants observe, Plaintiff lost her state court case and now seeks to revisit that ruling in this suit. Doc. 18 at 9. Plaintiff, however, maintains that the state appellate court judgment is void because that court lacked jurisdiction given the interlocutory nature of the Orders — in other words, the Orders were not "final." Doc. 23 at 8-9. While Plaintiff points to a few cases which she contends support her argument, Doc. 23 at 7-8, they are readily distinguishable.

For example, in *Burciaga*, the court held that *Rooker-Feldman* did not bar review of a state court order which vacated an earlier order because (1) the vacatur was not a final judgment and (2) the trial court did not have jurisdiction to enter the order, thus rendering it void, because Texas law does not permit a trial court to "disrupt" its own order in the type of foreclosure at issue. 871 F.3d at 386-87. Further, *Rooker-Feldman* did not preclude review of the foreclosure order itself because, pursuant to Texas law, such an order has no preclusive or res judicata effect. *Id.* at 387-88.

The court addressed a similar issue in *United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994), but that case does not help Plaintiff either. In *Shepherd*, the court held *Rooker-Feldman* barred federal court review of an allegedly void state judgment because, under Texas law, an error alleged to render a judgment void must appear on the face of the state court record. *Shepherd*, 23 F.3d at 925. Because it did not, federal jurisdiction was lacking. *Id.*

Plaintiff's case does present a somewhat unusual twist, however, which merits further discussion. On appeal of the Orders, Defendants argued that the appellate court *lacked jurisdiction* because the Orders were not "final." This issue was resolved against them. Thus,

4

Plaintiff posits, judicial estoppel bars Defendants from now claiming that the Orders *were* final. Doc. 23 at 1-2.

"The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Fornesa v. Fifth Third Mortg. Co.*, 897 F.3d 624, 627 (5th Cir. 2018) (quoting *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012)). The doctrine is designed to "protect the integrity of the judicial process." *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (citations omitted). Judicial estoppel has three elements: (1) the party against whom estoppel is sought has asserted a position plainly inconsistent with a prior position, (2) a court accepted the prior position, and (3) the party did not act inadvertently. *Fornesa*, 897 F.3d 627 (5th Cir. 2018) (citation omitted).

Plaintiff's argument fails the second prong. Defendants were unsuccessful in their endeavor to convince the state appellate court that it lacked jurisdiction. While the appellate court ultimately ruled against Plaint, *that* issue was resolved in Plaintiff's favor — yet she now asserts the state appellate court lacked jurisdiction because the Orders were not final. Because Plaintiff successfully urged the opposite position in the state appellate court, it is actually her argument that is barred by judicial estoppel. Doc. 23 at 1-2, 8- 9; *Fornesa*, 897 F.3d at 627.

### IV. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 17, should be **GRANTED** and this case should be dismissed without prejudice

for lack of subject matter jurisdiction.

**SO RECOMMENDED** on July 20, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).