IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARRIET NICHOLSON, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:21-CV-1779-N-BK |
| § | |
| BANK OF AMERICA AND § | |
| COUNTRYWIDE HOME LOANS, INC. § | |
| § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and *Special Order 3*, *Plaintiff's Rule 60(b)(4) Motion*, Doc. 63, is before the undersigned United States magistrate judge for findings and a recommended disposition. For the following reasons, the motion should be **DENIED**.

### I. PROCEDURAL HISTORY

In July 2021, Plaintiff filed this *pro se* action seeking declaratory relief to the effect that a Texas appellate court's ruling pertaining to the foreclosure of her home was void because the court lacked jurisdiction. Doc. 15 at 10-11, 13-19. Defendants moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting lack of jurisdiction because Plaintiff's suit constituted an impermissible collateral attack on a state court order in contravention of the *Rooker-Feldman* doctrine. Doc. 18 at 5-6. Upon the recommendation of the undersigned, the district judge dismissed this action without prejudice on August 9, 2022. *See* Doc. 45; Doc. 47; Doc. 48. The Court also denied Plaintiff's subsequent *Amended Rule 59(e) and 60 Motion*. Doc. 54.

On October 4, 2022, Plaintiff filed a *Motion to Reconsider Order Denying Plaintiff's Amended Rule 59(e) and 60 Motion* (the "Motion to Reconsider"), reiterating her prior argument against the *Rooker-Feldman* bar. Doc. 55 at 1-2. Then, on October 27, 2022, Plaintiff appealed the district judge's orders dismissing her case and denying her *Amended Rule 59(e) and 60 Motion*. Doc. 59. On November 3, 2023, the district judge denied the Motion to Reconsider. Doc. 62. Plaintiff then filed the present motion, arguing that her notice of appeal divested the Court of jurisdiction to rule on the Motion to Reconsider. Doc. 63 at 2. On December 5, 2023, the United States Court of Appeals for the Fifth Circuit affirmed this Court's judgment. *Nicholson v. Bank of Am.*, No. 22-11064, 2023 WL 8434051 (5th Cir. Dec. 5, 2023).

## II. ANALYSIS

A valid and timely notice of appeal generally divests the district court of jurisdiction and transfers jurisdiction to the appellate court. *See United States v. 4,970 Acres of Land, More or Less*, 130 F.3d 712, 714 (5th Cir. 1997). Nevertheless, a trial court may thereafter act in aid of the appellate court's jurisdiction by denying a post-judgment motion. *See Winchester v. U.S. Atty. for S. Dist. of Tx.*, 68 F.3d 947, 949 (5th Cir. 1995) ("[A] perfected appeal deprives the district court of all jurisdiction except for the following: The district court retains jurisdiction to consider and deny such [post-judgment] motions . . .") (cleaned up) (citation omitted).

Plaintiff invokes Rule 60(b)(4), arguing that the Order denying her Motion to Reconsider is void due to this Court's purported lack of jurisdiction. Doc. 63 at 2. As previously stated, Plaintiff's argument is premised on a flawed legal argument. *See Winchester*, 68 F.3d at 949. Further, the Fifth Circuit's opinion affirming this Court's judgment effectively renders moot Plaintiff's objections to the Order denying her Motion to Reconsider. *See Nicholson*, 2023 WL

2

8434051, at *1-2 (rejecting Plaintiff's argument that her claims were not barred by the *Rooker-Feldman* doctrine).

### III. CONCLUSION

For the foregoing reasons, *Plaintiff's Rule 60(b)(4) Motion*, Doc. 63, should be **DENIED**.

**SO RECOMMENDED** on January 3, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).